[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11981
Non-Argument Calendar

_____

D. C. Docket No. 07-00035-CR-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY DENEASE FORD,
a.k.a. Dawn Ford,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 18, 2009)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Danny Denease Ford, a federal prisoner proceeding *pro se,* appeals the district court's order denying her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. On appeal, Ford argues that she qualified for a sentence reduction but the district court denied her request without explanation. She asserts that she was entitled to a sentence reduction under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007). She also argues that the district court sentenced her incorrectly because she was coerced into pleading guilty, and the amount of drugs attributed to her was incorrect. She further asserts that her due process rights were violated because there was no evidence to prove her guilt, and the drug amount was not properly calculated.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be

"consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Here, we conclude from the record that the district court did not err in denying Ford's § 3582(c)(2) motion. Because Ford's sentence was ultimately based on the statutory mandatory minimum rather than the amount of crack cocaine attributed to her, Amendment 706 did not lower the guideline range that determined her sentence. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting a reduction where an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment."); *see also United States v. Williams*, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (holding that the district court did not have the authority to grant a sentence reduction to the defendant because Amendment 706 had no effect on his statutory minimum term of imprisonment, which had become his guideline range). The downward departures that Ford received pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), do not affect this analysis. *See id.* at 1340-41 (holding that a

downward departure, pursuant to § 5K1.1, does not waive a statutory mandatory minimum sentence and, thereby, entitle a defendant to a sentence reduction under Amendment 706).  Furthermore, our decision in *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009), where we held that *Booker* and *Kimbrough* do not affect the limitations in U.S.S.G. § 1B1.10 on a judge's discretion in a § 3582(c)(2) proceeding forecloses Ford's *Booker* and *Kimbrough* arguments.  Additionally, the district court did not err by holding that it could not consider Ford's arguments concerning the drug amount and the voluntariness of her plea because § 3582(c)(2) only permitted the court to determine whether Amendment 706 lowered Ford's guideline range.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that § 3582(c)(2) does not constitute a *de novo* resentencing and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing" (internal quotation marks and alteration omitted)).  Accordingly, we affirm the district court's order denying Ford's motion for a sentence reduction.

**AFFIRMED.**

4